# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIM. NOS.: 1:09-cr-0026 |
| Plaintiff, ) | and 3:10-cr-0020 |
| ) | |
| v. ) | Appeal of Magistrate Judge |
| ) | |
| JOSHUA CHITOLIE, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Finch, Senior Judge

## I. Introduction

This matter comes before the Court on Defendant Joshua Chitolie's Appeal of the Magistrate Judge's April 16, 2010 Order transferring this case from the St. Croix Division to the Division of St. Thomas and St. John. Defendant claims that the Magistrate Judge's order is clearly erroneous or contrary to law because it incorrectly weighed the relevant factors in deciding to transfer the case to St. Thomas. After reviewing the briefs of the parties and the record of the April 16, 2010 hearing before the Magistrate Judge, the Court finds that the Magistrate Judge's Order was neither clearly erroneous nor contrary to law. Accordingly, Defendant Chitolie's appeal is denied.

II. **Background**

Defendants Dora Laverde, Joshua Chitolie, and Abel Artiles are charged by information with False Swearing in an Immigration Matter, 18 U.S.C. § 1546(a), False Statements to Federal Agent, 18 U.S.C. § 1001, and Fraudulent Use of Social Security Number, 42 U.S.C. § 408(a)(7)(B). (*See* Amended Information, Docket No. 12.)[1] Counts 1, 2 and 3 of the Amended Information charge that Defendants Laverde and Chitolie falsely stated on immigration forms that they lived in Frederiksted, St. Croix, from October 2004 to December 2004. Count 4 charges that Defendant Chitolie falsely stated to a federal agent that he took a child, Melvin Ramirez, to St. Thomas for a paternity test which showed that Chitlolie was the father. Count 5 charges that Defendant Laverde falsely stated to a federal agent that she accompanied Defendant Chitolie to St. Thomas for a paternity test when she knew that she accompanied another individual posing as Defendant Chitolie. Count 6 charges that Defendant Artiles falsely used Defendant Chitolie's social security number.

On April 9, 2010, Defendants Laverde and Artiles jointly moved for an intradistrict transfer of the case from St. Croix to St. Thomas/St. John under Rules 18 and 21 of the Federal Rules of Criminal Procedure. The Government did not oppose that motion. On April 12, 2010, Magistrate Judge Cannon granted Defendants' motion and transferred the case to St. Thomas. The next day, Defendant Chitolie filed a Motion to Vacate the Magistrate Judge's transfer order, arguing that he was not given an opportunity to oppose the transfer motion. On April 16, 2010, Magistrate Judge Cannon held a hearing on Defendant Chitolie's Motion to Vacate. This

---

[1] When the case was transferred to St. Thomas, a new docket, 3:10-cr-0020, was created. Unless otherwise specified, this Court refers to docket items contained in 1:09-cr-0026, the original St. Croix Division docket.

hearing was essentially a *de novo* hearing on Defendants Laverde and Artiles joint Motion to Transfer and the Magistrate Judge heard arguments from all three Defendants and the Government. That same day, the Magistrate Judge denied Defendant's Chitolie's Motion to Vacate, holding that "the evidence in the record supports transfer." (April 16, 2010 Order 2, Docket No. 35.) On April 28, 2010, Defendant Chitolie appealed the Magistrate Judge's April 16, 2010 transfer order to this Court.[2]

### III. Discussion

#### a. Jurisdiction

Because this matter was transferred from here to the St. Thomas Division, this Court should first determine whether it has jurisdiction to review the Magistrate Judge's transfer order. *See In re United States*, 273 F.3d 380, 383 (3d Cir. 2001) ("[W]hen a transfer of a case has been completed, the transferor court – and the appellate court that has jurisdiction over it – lose all jurisdiction over the case." (quoting *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 143 n. 4 (3d Cir.1999))). The Court concludes that it has jurisdiction.

---

[2] After he filed an appeal in the St. Croix Division, Defendant Chitolie filed an identical appeal in St. Thomas. This Memorandum Opinion and Order resolves that appeal as well. In his appeal and by subsequent motion, Defendant Chitolie requested a hearing on his appeal. Because it is reviewing a nondispositive matter under 28 U.S.C. 636(b)(1)(A), this Court "is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact." *See Haines v. Liggett Group Inc.,* 975 F.2d 81, 91 (3d Cir. 1992). Accordingly, this Court finds that a hearing will not aid in resolving Defendant Chitolie's appeal and therefore denies his request. *See MedPointe Healthcare, Inc. v. Kozachuk*, 2009 WL 1662226, at *1 (D.N.J. 2009) (noting that the district court "need not conduct a new hearing or take new evidence . . . , and it may consider the record developed before the Magistrate Judge and make a determination on the basis of that record."); *Blizzard v. Quillen,* 579 F.Supp. 1446, 1449 (D.Del. 1984) (denying request for a hearing on review of magistrate judge's order because there was no need to take additional evidence).

3

Section 636(b)(1)(A) of Title 28 of the United States Code authorizes district courts to refer "any pretrial matter pending before *the court*," to a magistrate judge for resolution.[3] (emphasis added). That section also provides that "[a] judge *of the court* may reconsider any pretrial matter under this subparagraph where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (emphasis added). The use of the phrase "the court" to describe both the source of the matters referable and the judicial officer who is responsible for reviewing the magistrate judge's determinations indicates that the referring district judge has jurisdiction to "reconsider" orders of the magistrate judge.

Federal Rule of Criminal Procedure 59(a) governs review of a magistrate judge's order and provides in pertinent part:

> *A* district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense . . . A party may serve and file objections to the order . . . *The* district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. (emphasis added).

"A district judge" may refer a matter to the magistrate judge, but "[t]he district judge," must review an appeal of that magistrate judge's order. As with section 636(b)(1)(A), the use of the phrase "[t]he district judge" connotes that a magistrate judge's order may be reviewed by the referring district court judge. Fed. R. Crim. P. 59(a). Thus, because this matter was pending before this Court and was "referred" to the Magistrate Judge by this Court, this Court has jurisdiction over an appeal of that order. 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a).[4]

---

[3] Section 636(b)(1)(A) prohibits the referral of certain matters, none of which are relevant here.
[4] It might also be the case that a magistrate's nondispositive order is reviewable by any district judge in that district. Because this Court need only determine its own jurisdiction, we do not reach that question.

Furthermore, the fact that the case was transferred to St. Thomas does not vitiate this Court's jurisdiction to review the Magistrate Judge's transfer order. In *In re United States*, 273 F.3d 380, the Third Circuit determined that it had appellate jurisdiction to review the Eastern District of Pennsylvania's order transferring a case to Middle District of Tennessee under Rule 21 of the Federal Rules of Criminal Procedure, in part because the Government had "acted with sufficient dispatch" in seeking review of the transfer order. *Id.* at 384; *cf. Purex Corp. v. St. Louis Nat. Stockyards Co.*, 374 F.2d 998, 1000 (7th Cir. 1967) (holding that Seventh Circuit lacked jurisdiction to consider appeal of an order of the Eastern District of Missouri transferring the case to an Illinois district court.) Here, Defendant Chitolie expeditiously filed an appeal in this Court twelve days after the Magistrate Judge issued the transfer order. Like the Third Circuit retained jurisdiction to review an inferior court's transfer order, this Court "retains jurisdiction for purpose of evaluating the legitimacy of the transfer" by the Magistrate Judge. *In re United States*, 273 F.3d at 383.

b. **Standard of Review of an Appeal of the Magistrate Judge's Order**

Federal Rule of Criminal Procedure 59(a) authorizes a magistrate judge to determine any matter "that does not dispose of a charge or defense," i.e. a nondispositive matter. Here, the order transferring this case from St. Croix to St. Thomas was nondispositive because it did not result in the termination of the case. *See In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (holding that a dispositive order is one that "terminates the matter in the federal court."); *see also Holley v. Robinson* 2010 WL 1837797, at *2 (M.D.Pa. 2010) ("[S]ince an order transferring a case is not a dispositive final order in that case, this proposed transfer is a matter which lies within the authority of either the district court, or this [magistrate] court."); *Berg v. Aetna Freight*

*Lines*, 2008 WL 2779294, at *1 (W.D.Pa. 2008) ("A motion to transfer venue pursuant to 28 U.S.C. 1404(a) involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)." (collecting cases)).

"A district judge may only set aside an order of a magistrate concerning a nondispositive matter where the order has been shown to be clearly erroneous or contrary to law." *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 146 (3d Cir. 2009) (citation omitted)); *United States v. Bennett*, 2008 WL 2149440, at *3 (D.V.I. 2008) (same); 28 U.S.C. § 636 (b)(1)(A); Fed. R. Crim. P. 59(a). A factual finding is clearly erroneous when it "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *Haines v. Ligget Group Inc.,* 975 F.2d 81, 92 (3d Cir. 1992) (quoting *Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir.1972)). Under the clearly erroneous standard, "a reviewing court can upset a [magistrate's] finding of fact, even when supported by some evidence, but only if the court has the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. United States Gypsum Co*., 333 U.S. 364, 395 (1948)). A magistrate's finding of law is "contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law." *Benjamin v. Esso Std. Oil Co*., 2009 U.S. Dist. LEXIS 73213, at *6 (D.V.I. 2009) (Finch, J.).

### c. The Magistrate Judge's Transfer Order Was Neither Clearly Erroneous nor Contrary to Law

Transfer of a criminal case within a single district (an intradistrict transfer) is governed by Federal Rule of Criminal Procedure 18. *United States v. Lipscomb*, 299 F.3d 303, 340 (5th Cir. 2002). Rule 18 requires that the court "set the place of trial within the district with due

regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. A party seeking a transfer bears the burden of showing that a transfer is appropriate. *In re United States*, 273 F.3d at 388. "While the burden is on the defendant, the defendant is not required to show truly compelling circumstances for change of venue, but rather that all relevant things considered, the case would be better off transferred to another district." *Id*. (citing *In re Balsimo*, 68 F.3d 185, 187 (7th Cir.1995)).

The Magistrate Judge, citing *Platt v. Minnesota Mining & Mfg. Co*., 376 U.S. 240 (1964), and *In re United States*, 273 F.3d 380 (3rd Cir. 2001), enumerated ten factors that should be considered in deciding whether to transfer a case:

> (1) location of [the] . . . defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of [the] place of trial; (9) docket condition of each district ... involved; and (10) any other special elements which might affect the transfer.

(April 16, 2010 Order 2.)

The *Platt* factors cited by the Magistrate Judge are generally used to determine the appropriateness of an interdistrict transfer under Rule 21 of the Federal Rules of Criminal Procedure. *See In re United States*, 273 F.3d at 381. However, numerous courts have applied the Rule 21 factors in evaluating a defendant's motion to transfer under Rule 18.[5] *See United States v. Joyce,* 2008 WL 2367307, at *2 (W.D.Pa. 2008) ("[G]enerally the same principles involved in deciding whether to transfer a case to another district are relevant to the decision of

---

[5] The use of a similar test for Rule 18 and 21 transfers is logical as they contain similar language. *Compare* Fed. R. Crim. P. 18 ("The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.") and Fed R. Crim. P. 21 ("Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice.")

where within the district to set the trial."); *United States v. Bartelt*, 1997 WL 436229, at *2 (N.D.Ill. 1997) ("Apart from the fact that Rule 18, and not Rule 21, governs here, the analysis is essentially the same."); *United States v. Walker*, 890 F.Supp. 954, 958 n 5. (D.Kan. 1995) (citing Fed. R. Crim. P. 18, Notes of the Advisory Committee) (applying Rule 21 "general principles" to motion for intradistrict transfer); *see also United States v. Scholl*, 166 F.3d 964, 970 (9th Cir. 1999), cert. denied, 528 U.S. 873 (1999) (considering convenience of witnesses, availability of a courtroom, administrative efficiency, pretrial publicity, effect of the move on pending motions, and inconvenience and cost for defendant and defense counsel in determining that district court did not abuse its discretion in ordering intradistrict transfer.) Thus, the Magistrate Judge's application of the factors espoused by the Supreme Court and Third Circuit for determining a transfer motion under Rule 21 was not contrary to law.[6]

The Magistrate Judge found that the location of witnesses, documents and events relevant to the charges were "neutral" factors (April 16, 2010 Order 3) ("factors numbers (2), (3), and (4) are neutral"). Defendant contests this finding, asserting that "most of the alleged acts occurred on St. Croix." (Def. Chitolie's Br. 2) As noted by the Magistrate Judge, however, the events giving rise to the charges occurred in both St. Croix (e.g. false statements made in Frederiksted) and St. Thomas (e.g. visit to medical center in St. Thomas for paternity test). (*See* April 16, 2010 Order 3; Amended Indictment). Furthermore, at the hearing, the Government acknowledged that the evidence was "pretty evenly split" between St. Thomas and St. Croix. Accordingly, the Magistrate Judge's finding that the location of witnesses, documents and events relevant to the charges did not weigh in favor of either division is not clearly erroneous.

---

[6] Defendant Chitolie does not challenge the Magistrate Judge's application of the *Platt* factors to the transfer motion and cites them approvingly in his appellate brief.

8

Defendant also argues that the Magistrate Judge erroneously found that the convenience of Defendants militated in favor of transfer to St. Thomas. The Magistrate Judge relied heavily on the convenience of defendants factors (*Platt* factors (5)-(8)) concluding that because "Defendants Laverde and Artiles are both located in St. Thomas [and] [o]nly Defendant Chitolie is located in St. Croix," St. Thomas was a more convenient venue for Defendants. (April 16, 2010 Order 3.) The Magistrate Judge further found that because both Defendants Laverde and Artiles were employed in St. Thomas, the collective disruption to their businesses caused by a trial in St. Croix would be greater than that of Chitolie's if the trial were held in St. Thomas and that "the expense to Defendants Laverde and Artiles is double that of Defendant Chitolie's." (*Id.*) The Magistrate Judge's findings were supporting by evidence presented at the hearing, including counsel's representations that Defendants Laverde and Artiles were employed on St. Thomas and would be significantly burdened financially unless the case were transferred to St. Thomas. *See United States v. Coffee*, 113 F.Supp.2d 751, 756-57 (E.D.Pa. 2000) (finding that counsel's representations were sufficient to support convenience of witnesses factor). Defendant Chitolie fails to show that any of the Magistrate Judge's factual findings were "completely devoid of minimum evidentiary support." *Haines*, 975 F.2d at 92.

The Magistrate Judge's consideration of the financial plight of two of the three Defendants should they be unable to work because of a trial in St. Croix was not error. *See Coffee*, 113 F.Supp.2d at 756-57 (holding that disruption to defendant's business located in Ohio weighed in favor of transferring case from Pennsylvania to Ohio). And the Magistrate Judge's consideration of the aggregate impact to all three Defendants of holding the trial in St. Croix was well within Rule 18's requirement that the Court give "due regard for the convenience of the defendant." *United States v. Burke,* 607 F.Supp.2d 1314, 1323 (M.D.Fla. 2009) (transferring case

9

from Middle District of Florida to Eastern District of New York in part because "four of the five defendants are residents of New York and to each Florida is an inconvenient and burdensome forum."); *United States v. Kanner*, 2008 WL 2663414, at *6 (N.D. Iowa 2008) (denying defendant's motion to transfer from Northern District of Iowa to Southern District of Florida because only one of six defendants lived in Florida); *United States v. Negron*, 2008 WL 5272056, at *3 (D.N.J. 2008) (holding that "within the Platt analysis defendant's residence deserves real weight.") (citation omitted); *United States v. Gilboy*, 160 F.Supp. 442, 458 (M.D.Pa. 1958) (considering "the convenience of all parties concerned" in adjudicating transfer motion).

Finally, Defendant Chitolie asserts that the Magistrate Judge erroneously gave weight to the fact that he had appointed counsel while Defendants Laverde and Artiles had hired counsel. At the hearing, Defendants Laverde and Artiles argued that they would be required to pay for their counsel's transportation to and from St. Croix, while Defendant Chitolie would not be required to pay for his counsel's transportation to St. Croix. The Magistrate Judge's determination that this weighed in favor of transferring the case to St. Thomas was neither clearly erroneous nor contrary to law. *See Scholl*, 166 F.3d at 970 (holding that district court properly considered "burdens of travel and expense" in determining transfer under Rule 18); *Negron*, 2008 WL 5272056, at * 5 (fact that defendant had appointed counsel weighed in favor of transfer). Even if the Magistrate Judge improperly included this factor in his analysis, the balance of factors, particularly the convenience to the majority of the defendants, weighs in favor of transfer to St. Thomas. *In re United States*, 273 F.3d at 388 ("A balance should be struck among the most important factors in the particular case to determine whether transfer is appropriate.").

## IV. Conclusion

For the foregoing reasons, the Court DENIES Defendant Chitolie's Appeal of the Magistrate Judge's April 16, 2010 Order. Accordingly, it is hereby,

**ORDERED** that Defendant Chitolie's Appeal of Magistrate Order Denying Defendant's Motion to Vacate Order of Transfer is **DENIED,**

**ORDERED** that Defendant Chitolie's request and motion for a hearing on this appeal is **DENIED.**

**ENTERED this 8th day of June, 2010**.

_____/s/_____
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE